UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KORY T. O'BRIEN,<br><br>                      Plaintiff,<br><br>  v.<br><br>G. MURPHY, *et al.*,<br><br>                     Defendants. | Case No. 19-cv-01496-BAS-BGS<br><br>**ORDER:**<br><br>**(1) OVERRULING PLAINTIFF'S OBJECTION TO THE REPORT AND RECOMMENDATION (ECF No. 24);**<br><br>**(2) ADOPTING REPORT AND RECOMMENDATION (ECF No. 21);**<br><br>**AND**<br><br>**(3) GRANTING DEFENDANTS' MOTION TO DISMISS (ECF No. 14)** |

      A Report and Recommendation ("R&R") has been submitted to this Court recommending that Defendants' pending Motion to Dismiss Plaintiff's Complaint ("Motion") be granted. For the reasons explained below, the Court **OVERRULES** Plaintiff's objection (ECF No. 24), **ADOPTS** the R&R (ECF No. 21) and **GRANTS** Defendants' Motion (ECF No. 14).

**I.    BACKGROUND**

      Plaintiff filed this action on August 9, 2019 alleging violations of his civil rights pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.) Plaintiff alleges that while he was incarcerated at Richard J. Donovan Correctional Facility ("RJD"), Defendants P. Covello, G. Murphy, J. Stewart, R. Martin, T. Ramos, and L. Eshelman (collectively, "Defendants")

discriminatorily implemented certain credit policies under California's Proposition 57 in violation of the Equal Protection Clause of the Fourteenth Amendment. (*Id.* at 4–6.)

Plaintiff's Complaint concerns limitations on a CDCR regulation that entitles inmates to earn ten days of Rehabilitative Achievement Credits ("RACs") in exchange for attending 52 hours of CDCR approved rehabilitative programming. (Compl. at 4.) Any credits accumulated apply to advance an inmate's release date. (*Id.*) Plaintiff alleges that RJD has a policy of preventing inmates from receiving these credits if they attend programming that conflicts with a work assignment. (*Id.* at 5–6.) In his specific case, Plaintiff alleges that although he received excused time off ("ETO") from his work assignment to attend a religious rehabilitative program, he was denied RACs for this attendance because it was deemed to "conflict" with his work assignment. (*Id.*) Defendants articulate the policy slightly differently, stating that "an RJD inmate is not permitted to earn RACS for attending RAC approved religious programs via ETO from a work assignment." (Mot. at 6.) Plaintiff alleges that this policy discriminates against "working class" inmates. (Compl. at 5.) He defines "working class" inmates as those whose work conflicts with rehabilitative programming and thus cannot receive RACs. (*Id.*) He further alleges that the Defendants violated his rights by ruling against him in the administrative appeal wherein he challenged this policy. (*Id.* at 6–7.)

On December 31, 2019, Defendants filed the instant Motion, arguing that Plaintiff failed to state a claim under Federal Rule of Civil Procedure 12(b)(6), or, alternatively, that Defendants were immune from civil damages pursuant to qualified immunity and that Plaintiff's request for injunctive relief was moot because he had been transferred to another facility. (ECF No 14.) Plaintiff filed an opposition to the Motion on February 24, 2020 and Defendants replied on March 5, 2020. (ECF No. 19.)

On July 24, 2020, Magistrate Judge Skomal issued a R&R recommending that the Motion be granted and Plaintiff's Complaint dismissed with leave to amend. (ECF No.

21.) The deadline for the parties to object to the R&R was September 4, 2020.[1] (ECF No. 23.) Plaintiff timely filed an objection. (Pl.'s Obj., ECF No. 24.)

## II. LEGAL STANDARD

The Court reviews *de novo* those portions of a Magistrate Judge's Report and Recommendation ("R&R") to which objections are made. 28 U.S.C. §636(b)(1). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* However, "[t]he statute [28 U.S.C. §636(b)(1)(c)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *Id.*

Objections must be written and specific. *See, e.g.*, Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file specific written objections to the proposed findings and recommendations" of the magistrate judge.) If an objection is raised, de novo review generally requires that the Court "consider the record which has been developed before the magistrate and make his own determination on the basis of that record . . . ." *N. Am. Watch Corp. v. Princess Ermine Jewels*, 786 F.2d 1447, 1450 (9th Cir. 1986) (quoting *United States v. Raddatz*, 447 U.S. 667, 675 (1980)).

## III. ANALYSIS

Plaintiff objects on the ground that the policy is not reasonably related to any legitimate penological interests. (Pl.'s Obj. at 4.) He also reiterates that the policy, by precluding inmates who receive ETO to attend rehabilitative programs from receiving "credits that other inmates receive," evinces discriminatory motive intended to punish inmates who obtain ETO. (*Id.* at 5.)[2]

---

[1] On August 18, 2020, the Court granted Plaintiff an extension of time to file objections. (ECF Nos. 23.)

[2] Plaintiff also states that the policy violates the Due Process Clause because it awards RACs to those "guilty of a crime of the same or great magnitude." (R&R at 6.) However, because Plaintiff only raised an equal protection claim in his Complaint, the Court only considers this claim in this Order.

Because the objection is limited to the R&R's equal protection finding, the Court reviews only that portion of the R&R. *See* 28 U.S.C. (s) 636(b)(1)(C). As such, the Court reviews the record, the R&R, and Plaintiff's Objection to determine whether the policy in question is reasonably related to a legitimate governmental interest.

Generally, to state an equal protection claim under § 1983, a plaintiff must allege facts plausibly showing that the defendants "trammel[ed] fundamental personal rights" or discriminated against the plaintiff based upon membership in a protected class. *City of New Orleans v. Dukes*, 427 U.S. 297, 303 (1976). Plaintiff here does not object to the R&R's conclusion that he is not a member of a suspect class and is not stating the abridgment of a fundamental right. Thus, Plaintiff is required to establish a "class of one" equal protection claim by demonstrating that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook*, 528 U.S. 562, 564 (2000).

As the R&R correctly noted, it is well-established that "the government has a legitimate interest in making sure inmates attend their work and education assignments[.]" *Mayweathers v. Newland*, 258 F.3d 930, 938 (9th Cir. 2001); *see also O'Lone v. Estate of Shabazz*, 482 U.S. 342, 351 (1987) (finding that prison administrators had "rehabilitative concerns" in creating "a simulation of working conditions and responsibilities in society"). In fact, state statutes require all "able-bodied" inmates to work. *See* Cal. Penal Code § 2700; Cal. Code Regs. tit. 15, § 3040(a); *Burleson v. State of Cal.*, 83 F.3d 311, 313 (9th Cir. 1996) (CDCR can compel inmates to work). Further, California regulations require that inmate participation in RAC-eligible activities "be consistent with his or her . . . work group assignment[.]" Cal. Code Regs. tit. 15, § 3043.4. However, state regulations also authorize the use of ETO from work for attendance at approved religious services or functions. Cal. Code Regs. tit. 15, § 3045.2(d)(4).

Further, this Court's independent analysis affirms that the challenged policy bears a rational relation to the legitimate penological objective of providing work conditions and responsibilities. It addresses competing interests by permitting inmates to use ETO for

religious services, in accordance with the First Amendment, but withholding RACs for such use to ensure that inmates' RAC activities are consistent with their work group assignment, as required under law. *See* Cal. Code Regs. tit. 15, 3043.4. Moreover, as Defendants argue and contrary to Plaintiff's position, the policy affords fair treatment between inmates, specifically between those who are religiously observant and those who are not. Non-religious inmates are not eligible for RACs if they attend secular rehabilitative programs using ETO, and religious inmates are similarly not eligible for RACs for attending faith-based rehabilitative activities. Given RJD's statutory obligations and its legitimate interest in assigning inmates work, the Court finds that the policy satisfies rational basis scrutiny.

Lastly, the Court addresses Plaintiff's allegation that the policy "imposes additional burdens/restrictions on the Plaintiff that other inmates do not have" and therefore "punish[es] inmates for getting [ETO]." (Pl.'s Obj. at 5.) Although Plaintiff attempts to draw the distinctions necessary for an equal protection claim, the Court finds the facts alleged in his Complaint do not reflect a policy that treats similarly situated groups differently. All inmates similarly situated to Plaintiff—i.e., those who attend RAC-eligible programs by using ETO from their work assignments— are precluded from earning RACs if they attend RAC-eligible programs using ETO. Conversely, all inmates earn RACs for RAC-eligible programming if they attend during non-work hours. Therefore, the facts here reveal "that all persons similarly circumstanced shall be treated alike," which is both necessary and sufficient for equal protection. *See Plyler v. Doe*, 457 U.S. 202, 216 (1982); *see also Thornton v. City of St. Helens*, 425 F.3d 1158, 1168 (9th Cir. 2005) ("Evidence of different treatment of unlike groups does not support an equal protection claim.").

Plaintiff does not dispute this, but instead appears to take issue with the fact that his work assignment precludes him from earning RACs for a specific program that includes a "three and a half day introduction into Christian living." (Pl.'s Obj. at 3.) Plaintiff does not allege that this scheduling conflict would not also exist for other inmates with his work

assignment who sought to attend this specific program. While Plaintiff is understandably frustrated by the timing, a scheduling conflict of this sort does not mean there is no rational basis for the policy. *See Robinson v. Marshall*, 66 F.3d 249 (9th Cir. 1995) ("the rational basis standard does not require that the state choose the fairest or best means of advancing its goals").

In any event, Plaintiff does not object to the R&R's finding that Defendants are entitled to qualified immunity from Plaintiff's claim. "Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Because Plaintiff has not stated a violation of the Equal Protection Clause, he has failed to satisfy the first prong of the test. Even had Plaintiff stated a colorable claim, however, he has not identified any legal authority that would have fairly put Defendants on notice that the policy in question is unconstitutional. *See Sharp v. Cty. of Orange*, 871 F.3d 901, 911 (9th Cir. 2017) (holding that plaintiffs were required to "point to prior case law that articulates a constitutional rule specific enough to alert these deputies in this case that their particular conduct was unlawful"). Dismissal is therefore warranted on this independent basis.

## IV.   CONCLUSION AND ORDER

Therefore, the Court hereby approves and **ADOPTS IN ITS ENTIRETY** the R&R. *See* 28 U.S.C. § 636(b)(1). Defendants' Motion to Dismiss (ECF No. 14) is **GRANTED** and Plaintiff's Complaint is **DISMISSED WITH LEAVE TO AMEND**. Plaintiff shall have until **October 22, 2020** to file an Amended Complaint in this action.

**IT IS SO ORDERED.**

**DATED: September 23, 2020**

Hon. Cynthia Bashant
United States District Judge